FOX ROTHSCHILD LLP
Carolyn D. Richmond (CR-0993)
100 Park Avenue, Suite 1500
New York, New York 10017
Phone: (212) 878-7983

Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
                                                :
CHI KONG LEUNG on behalf of himself and all     :   **ECF CASE**
Others similarly situated,                      :
                                                :
                    Plaintiffs,                 :   **07-CV-8779 (RJS)**
                                                :
        -against-                               :
                                                :
HOME BOY RESTAURANT INC. d/b/a                  :
TRIBECA GRILL and DREW NIEPORENT                :
                                                :
                    Defendants.                 :
                                                :
                                                :
                                                :
------------------------------------------------x

## ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT

Defendants HOME BOY RESTAURANT, INC. d/b/a TRIBECA GRILL ("Tribeca") and DREW NIEPORENT ("Nieporent") (collectively "Defendants"), by their attorneys, Fox Rothschild, LLP, hereby answer the Complaint of plaintiff CHI KONG LEUNG ("Plaintiff").

In response to all non-numbered paragraphs, and each and every substantive allegation of the Complaint, Defendants deny that they violated the law and/or that they harmed Plaintiffs in any way.

1.  Paragraph 1 of the Complaint does not contain any allegations of fact that can be admitted or denied.

## JURISDICTION AND VENUE

2. In response to paragraph 2 of the Complaint, Defendants deny the allegations as conclusions of law, except admit that this Court has subject matter jurisdiction over the First and Second Claims for Relief under the Fair Labor Standards Act and that venue is proper. Defendants further admit that the Corporate Defendants conduct business in this District, and have their principal executive offices in this District.

## THE PARTIES

3. Paragraph 3 of the Complaint does not contain any allegations of fact that can be admitted or denied.

4. In response to paragraph 4 of the Complaint, Defendants admit the allegations.

5. In response to paragraph 5 of the Complaint, Defendants deny the allegations, except to admit that Defendant Nieporent has a percentage ownership interest in Home Boy Restaurant, Inc.

6. In response to paragraph 6 of the Complaint, Defendants admit the allegations.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7. In response to paragraph 7 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for an alleged violation of the Fair Labor Standards Act. Defendants deny the substantive allegations of the Complaint and any allegations involving the collective action and do not waive the right to challenge those allegations in this Court.

8. In response to paragraph 8 of the Complaint, Defendants deny the allegations.

9. In response to paragraph 9 of the Complaint, Defendants deny the allegations.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

10. In response to paragraph 10 of the Complaint, Defendants do not dispute that Plaintiffs have filed an action for alleged violations under New York law. Defendants deny the substantive allegations of the Complaint and any allegations involving the class action and do not waive the right to challenge those allegations in this Court.

11. In response to paragraph 11 of the Complaint, Defendants deny the allegations.

12. In response to paragraph 12 of the Complaint, Defendants deny the allegations as conclusions of law.

13. In response to paragraph 13 of the Complaint, Defendants deny the allegations.

14. In response to paragraph 14 of the Complaint, Defendants deny the allegations as conclusions of law; except admit that Plaintiff is represented by experienced and competent attorneys who have previously represented Plaintiffs in wage and hour cases.

15. In response to paragraph 15 of the Complaint, Defendants deny the allegations, as conclusions of law.

16. In response to paragraph 16 of the Complaint, Defendants deny the allegations.

17. In response to paragraph 17(a)-(g) of the Complaint, Defendants deny the allegations as conclusions of law.

## FACTS

18. Paragraph 18 of the Complaint does not contain any allegations of fact that can be admitted or denied.

19. In response to paragraph 19 of the Complaint, Defendants deny the allegations.

20. In response to paragraph 20 of the Complaint, Defendants deny the allegations.

NY1 89561v1 12/17/07

21. In response to paragraph 21 of the Complaint, no response is required as the paragraph avers conclusions of law.

22. In response to paragraph 22 of the Complaint, no response is required as the paragraph avers conclusions of law.

23. In response to paragraph 23 of the Complaint, Defendants deny the allegations.

24. In response to paragraph 24 of the Complaint, Defendants deny the allegations.

25. In response to paragraph 25(a)-(g) of the Complaint, Defendants deny the allegations as conclusions of law.

26. In response to paragraph 26 of the Complaint, Defendants deny the allegations.

27. In response to paragraph 27 of the Complaint, Defendants admit the allegations.

28. In response to paragraph 28 of the Complaint, Defendants deny the allegations.

29. In response to paragraph 29 of the Complaint, Defendants deny the allegations.

## FIRST CLAIM FOR RELIEF

30. In response to paragraph 30 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-29.

31. In response to paragraph 31 of the Complaint, Defendants deny the allegations as conclusions of law.

32. In response to paragraph 32 of the Complaint, Defendants deny the allegations.

33. In response to paragraph 33 of the Complaint, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

## SECOND CLAIM FOR RELIEF

34. In response to Paragraph 34 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-33.

35. In response to Paragraph 35 of the Complaint, Defendants deny the allegations.

36. In response to paragraph 36 of the Complaint, Defendants deny the allegations.

37. In response to paragraph 37 of the Complaint, Defendants deny the allegations.

38. In response to paragraph 38 of the Complaint, although Plaintiffs purport to bring claims and seek damages and other relief, they are not entitled to any recovery.

### THIRD CLAIM FOR RELIEF

39. In response to paragraph 39 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-38.

40. In response to paragraph 40 of the Complaint, Defendants deny the allegations.

41. In response to paragraph 41 of the Complaint, Defendants deny the allegations.

42. In response to paragraph 42 of the Complaint, Defendants deny the allegations.

43. Paragraph 43 of the Complaint does not contain any allegations that can be admitted or denied.

### FOURTH CLAIM FOR RELIEF

44. In response to paragraph 44 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-43.

45. In response to paragraph 45 of the Complaint, Defendants deny the allegations as conclusions of law.

46. In response to paragraph 46 of the Complaint, Defendants deny the allegations.

47. In response to paragraph 47 of the Complaint, Defendants deny the allegations.

48. Paragraph 48 of the Complaint does not contain any allegations that can be admitted or denied.

## FIFTH CLAIM FOR RELIEF

49. In response to paragraph 49 of the Complaint, Defendants respond to the allegations as set forth above in paragraphs 1-48.

50. In response to the allegations in paragraph 50 of the Complaint, Defendants deny the allegations.

51. In response to paragraph 51 of the Complaint, Defendants deny the allegations.

52. In response to paragraph 52 of the Complaint, Defendants deny the allegations.

53. Paragraph 53 of the Complaint does not contain allegations that can be admitted or denied.

In response to the Paragraphs under "Prayer for Relief," Defendants deny that Plaintiffs are entitled to the relief requested, or any relief.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, fails to allege facts sufficient to state a claim upon which relief can be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### SECOND AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of waiver. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### THIRD AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred to the extent Plaintiffs had unclean hands. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### FOURTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by judicial, equitable, and/or collateral estoppel. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### FIFTH AFFIRMATIVE DEFENSE

The Complaint, and each claim purported to be alleged therein, is barred in whole or in part by the doctrine of laches. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### SIXTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs and putative collective action members have received other benefits and/or awards attributable to an injury for which they seek compensation in this case, such benefits and/or awards should offset, in whole or in part, any award they receive here for the same injury. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants have at all times acted in good faith and had reasonable grounds for believing that its pay practices complied with federal and state law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### EIGHTH AFFIRMATIVE DEFENSE

The putative collective action members cannot proceed collectively under 29 U.S.C. § 16(b) because they are not similarly situated. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs claims are barred, in whole or in part, by the applicable Statute of Limitations. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TENTH AFFIRMATIVE DEFENSE

The Court should not exercise supplemental jurisdiction over the counts in the Complaint that purport to arise under New York Labor Law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which prejudgment interest may be granted. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims for liquidated damages are barred, in whole or in part, because any and all actions taken by Defendants were undertaken in good faith and with reasonable grounds for believing such actions were not in violation of Federal or New York law. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for a collective action pursuant to Section 216(b) of the FLSA and, therefore, the collective action allegations of the Complaint should be stricken and dismissed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims cannot proceed as a class action because the Fair Labor Standards Act and its collective action procedure preempt state law that might otherwise permit class action treatment. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff cannot establish or satisfy the requirements for class certification pursuant to Fed.R.Civ.P. 23 and, therefore, the class certification allegations of the Complaint should be stricken and dismissed. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### SIXTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges, and immunities granted pursuant to the laws of the United States and the State of New York. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### SEVENTEENTH AFFIRMATIVE DEFENSE

At all times material hereto, the actions of Defendants were justified under the circumstances and at all times material hereto Defendants acted in a manner that was proper,

reasonable and lawful and in the exercise of good faith. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### EIGHTEENTH AFFIRMATIVE DEFENSE

At no time material hereto did any Defendant act in a willful, wanton, reckless, and/or malicious manner or with reckless disregard of either the FLSA or New York law.

### NINETEENTH AFFIRMATIVE DEFENSE

There is no basis for awarding damages under the facts and circumstances of this case. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not liable for damages, including liquidated damages. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs suffered no injuries as a result of any alleged acts or omissions by Defendants. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendants have no knowledge or means of ascertaining the truth or falsity of the allegations concerning the injuries, sufferings, and/or damages alleged to have been sustained by Plaintiff and the same are accordingly denied and strict proof thereof is demanded at the trial of this case. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, sufferings and damages, if any, were caused by Plaintiff's own acts, omissions or conduct. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted because, among other reasons, Plaintiff was paid time and one-half their regular hourly rate for all hours worked in excess of forty in any work week during the period of time they were employed in a non-exempt capacity. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in Section 6(a) of the Portal-to-Portal Act, 29 U.S.C. § 255(a), such claims of Plaintiff are barred. This defense also may aply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 10 of the Portal-to-Portal Act, 27 U.S.C. § 259, because actions taken in connection with Plaintiff's compensation were done in good faith in conformity with and reliance upon written administrative regulations, orders, rulings, approvals, interpretations, and written and unwritten administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

NY1 89561v1 12/17/07

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions, exclusions, exceptions, or credits provided for in Section 7 of the FLSA, 29 U.S.C. § 207. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that the work they performed falls within exemptions provided for in Section 13(a) and/or (b) of the FLSA, 29 U.S.C. § 213(a) and/or (b). This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTIETH AFFIRMATIVE DEFENSE

Defendants hereby invoke the doctrine of waiver to bar the claims asserted by Plaintiff to the extent the Department of Labor has already investigated and issued a determination or otherwise resolved any prior claims. This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of *de minimis non curat lex*. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff previously received compensation for his alleged underpayments in connection with, or as a result of, a payment to Defendant's employees supervised by the Department of Labor; or in connection with, or as a result of, a prior judicial action that was resolved through a court-approved settlement or judgment, Defendant hereby invokes the doctrine of waiver to bar the claims asserted by Plaintiff. This defense also may apply to the claims of some or all of the class of allegedly similarly situated persons.

### THIRTY-THIRD     AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff falsely reported his hours and there is no evidence that Defendants required the false reporting of hours; no evidence that Defendants encouraged Plaintiff to falsely report his hours; and no evidence that Defendants knew or should have known that Plaintiff was providing false information as to his hours, Defendant hereby invokes the doctrine of estoppel to bar the claims asserted by Plaintiff. See Brumbelow v. Quality Mills, Inc., 462 F.2d 1324, 1327 (5th Cir. 1972). This defense also may apply to the claims of some or all of the class of allegedly similarly situated person.

WHEREFORE, Defendants pray for judgment as follows:

A. That Plaintiff's and the putative collective action members take nothing by the Complaint;

B. That the Complaint be dismissed with prejudice, together with the costs and disbursements of this action; and

C. For such other relief as this Court may deem just and proper.

Dated: New York, New York
December 17, 2007

                    FOX ROTHSCHILD LLP
                    *Attorneys for Defendants*

                    */s/ Carolyn D. Richmond*
                    By: Carolyn D. Richmond (CR-0993)
                    100 Park Avenue, Suite 1500
                    New York, New York 10017
                    (212) 878-7983

## CERTIFICATE OF SERVICE

CAROLYN D. RICHMOND, an attorney admitted to practice in this Court, hereby states that on December 17, 2007, I caused a true and correct copy of the foregoing Defendants' Answer And Affirmative Defenses To The Complaint For Violations Of The Fair Labor Standards Act And State Wage And Hour Laws; Claims For Damages And Injunctive Relief – Collective Action to be filed with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

> D. Maimon Kirschenbaum
> JOSEPH & HERZFELD LLP
> 757 Third Avenue, 25th Floor
> New York, NY 10017

> /s/ Carolyn D. Richmond
> Carolyn D. Richmond (CR-0993)