D. Maimon Kirschenbaum (DK 2448)
Charles Joseph (CJ 9442)
JOSEPH & HERZFELD LLP
757 Third Avenue
25th Floor
New York, NY 10017
(212) 688-5640 Phone
(212) 688-2548 Fax

*Attorneys for Named Plaintiff, the FLSA Collective Plaintiffs, and the Proposed Class*

RECEIVED
OCT 11 2007
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CHI KONG LEUNG on behalf of himself and all others similarly situated,

Plaintiffs,

v.

HOME BOY RESTAURANT INC. d/b/a TRIBECA GILL and DREW NIEPORENT,

Defendants.
------------------------------------------------------------x

JUDGE SULLIVAN

07 CIV 8779
INDEX NO:

COMPLAINT

FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION

DEMAND FOR JURY TRIAL

1. Plaintiff Chi Kong Leung, on behalf of himself and all others similarly situated, alleges as follows:

## JURISDICTION AND VENUE

2. This Court has jurisdiction under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Jurisdiction and venue are proper in the Southern District of New York because the corporate Defendants are licensed to do business in New York, their principal executive offices are in the Southern District of New York, and the causes of action under which the claims asserted in this Complaint emanate from actions that

took place in this District. This Court has supplemental jurisdiction over Plaintiffs' state wage and hour law claims under 28 U.S.C. § 1367, because those claims are related to Plaintiffs' federal claims and form part of the same case or controversy.

## THE PARTIES

3. All Defendants are hereinafter collectively referred to as "Defendants."

4. Defendant Home Boy Restaurant Inc. d/b/a Tribeca Grill is a New York Corporation whose headquarters are located in New York.

5. Defendant Drew Nieporent is owner of Defendant Home Boy Restaurant Inc. d/b/a Tribeca Grill. Upon information and belief, Defendant Nieporent exercises sufficient control of Tribeca Grill's day to day operations to be considered an employer of Plaintiffs and those similarly situated under the FLSA. In addition, upon information and belief, Defendant Nieporent is liable for the wages of Plaintiffs and the Class under New York Business Corporation Law § 630.

6. Plaintiff Chi Kong Leung was employed as a server at Tribeca Grill within the last six years.

## FLSA COLLECTIVE ACTION ALLEGATIONS

7. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non exempt tipped employees employed by Defendants, including servers and/or busboys on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

8. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay

provisions, and are and have been subject to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of forty (40) hours per workweek, and allowing non-tipped employees to share in their tips. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

9. The First and Second Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

10. Plaintiff brings the Third, Fourth, and Fifth Claims for Relief pursuant to the Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of all non exempt tipped employees employed by Defendants, including servers and/or busboys on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

11. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rates of pay for each Class member are also

determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said FRCP 23.

12. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than fifty (50) members of the Class.

13. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage and overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiffs and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

14. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

15. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

16.    Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and

future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

17. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a) Whether Defendants employed or jointly employed Plaintiff and the Class within the meaning of the New York law.

    b) Whether Defendants paid Plaintiff and the Class members the minimum wage for all hours worked.

    c) What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members at all.

    d) At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the Class members for their work.

    e) Whether Defendants illegally retained portions of Plaintiff's tips and the Class members' tips.

    f) Whether Defendants properly compensated Plaintiff and Class members for overtime.

    g) Whether Plaintiff and Class members were forced to share their tips with parties who are not entitled to their tips.

## FACTS

18. A copy of Plaintiff's Consent to Sue Form is attached hereto as Exhibit A.

6

19. Defendants committed the following alleged acts knowingly, intentionally and willfully.

20. Defendants knew that nonpayment of minimum wage, improperly forcing Plaintiff, the FLSA Collective Plaintiffs, and members of the Class to share their tips with Defendants' agents and other non service employees, the FLSA Collective Plaintiffs, and members of the Class' wages would economically injure Plaintiff and violated federal and state laws.

21. Until December 31, 2004, the minimum wage under New York state law was $5.15 per hour. From January 1, 2005 until December 31, 2005 the minimum wage under state law was $6.00 per hour. In 2006 the minimum wage was $6.75 per hour, and the state minimum wage is currently $7.15 per hour.

22. The federal minimum wage is $5.15 per hour.

23. Defendants unlawfully paid Plaintiff, the FLSA Collective Plaintiffs, and members of the Class an hourly rate below the federal and state minimum wage.

24. Defendants were not entitled to reduce the minimum wage by applying the tip credit allowance that is available cases under 29 U.S.C 203 (m) and 12 N.Y.C.R.R. § 137-1.5 because Defendants, their agents and other non service employees, including but not limited to the restaurant managers, retained portions of the tips for themselves, thereby preventing Plaintiff from retaining tips in violation of 29 U.S.C. § 203(m). In addition, other non-tipped employees illegally participated in the tip pool, with the consent of management, preventing Defendants from availing themselves of the tip credits.

25. The restaurant managers are agents of the Defendants for several reasons, including but not limited to:

   A. The managers have the ability to hire and fire employees;

   B. The managers supervise and discipline servers and other employees;

   C. The managers determine scheduling; and

   D. The managers oversee training of new employees.

26. Throughout Plaintiff's employment, Defendants, through their agents and/or non service employees, including but not limited to managers, illegally retained substantial portions of Plaintiff's nightly tips, as they were included in the restaurant's tip pool.

27. Plaintiff at times worked in excess of forty hours per workweek.

28. Plaintiff was not compensated one and one half times New York's minimum wage for hours that they worked in excess of forty per workweek.

29. Defendants committed the foregoing acts against Plaintiff, the FLSA Collective Plaintiffs, and members of the Class.

### FIRST CLAIM FOR RELIEF
(FLSA Claims, 29 U.S.C. §§ 201, *et seq.*,
Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)

30. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

31. At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for

"commerce," within the meaning of FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed, "employee[s]," including Plaintiff and each of the FLSA Collective Plaintiffs.

32.  Throughout the statute of limitations period covered by these claims, Defendants knowingly failed to pay Plaintiff the federal minimum wage for each hour worked.

33.  Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA for minimum wage violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### SECOND CLAIM FOR RELIEF
**(FLSA Overtime Violations, 29 U.S.C. §§ 201 *et seq.*
Brought by Plaintiff on Behalf of
Himself and the FLSA Collective Plaintiffs)**

34.  Plaintiff, on behalf of himself and other FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs.

35.  Throughout the statute of limitations period covered by these claims, Plaintiff and the other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

36.  At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay the FLSA Collective Plaintiffs at time and a half rate for work in excess of forty (40) hours per workweek, and willfully failing to keep records required by the FLSA even though the FLSA Collective Plaintiffs have been and are entitled to overtime.

37. At all relevant times, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the FLSA Collective Plaintiffs at the required overtime rates, one and a half times the federal minimum wage for hours worked in excess of forty (40) hours per workweek.

38. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRD CLAIM FOR RELIEF
**(New York State Minimum Wage Act, New York Labor Law §§ 650 *et seq.*)
Brought by Plaintiff on Behalf of Himself and the Class)**

39. Plaintiff, on behalf of himself and members of the Class, realleges and incorporates by reference all preceding paragraphs as if they were set forth again herein.

40. Defendants knowingly paid Plaintiff and members of the Class less than the New York State Minimum Wage § 652 and supporting regulations of the New York State Department of Labor.

41. Defendants' failure to pay Plaintiff and members the Class the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

42. As a result of Defendants' willful and unlawful conduct, Plaintiff and members the Class are entitled to an award of damages in amount to be determined at trial and attorneys' fees, as provided by N.Y. Lab. Law § 663.

43. Plaintiff, on behalf of himself and the Class, does not seek liquidated damages for this claim.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage Act, N.Y. Stat. § 650 *et seq.*, Brought by Plaintiff on Behalf of Himself and the Class)

44. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

45. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying overtime wages for all hours worked in excess of forty (40) hours in any workweek.

46. Throughout the Class Period, Defendants willfully, regularly and repeatedly failed to pay Plaintiff and the Class at the required overtime rates, one and a half times the minimum wage for hours worked in excess of forty (40) hours per workweek.

47. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class members have sustained damages, including loss of earnings, in an amount to be established at trial, prejudgment interest, and costs, and attorneys' fees, pursuant to N.Y. Lab. Law § 663.

48. Plaintiff, on behalf of himself and the Class, does not seek liquidated damages for this claim.

## FIFTH CLAIM FOR RELIEF
### (Illegal Pay Deductions and Deductions from Gratuities, N.Y. Lab. L. § § § 193, 196-d and 198-b) Brought by Plaintiff on Behalf of Himself and the Class)

49. Plaintiff, on behalf of himself and the Class members, realleges and incorporates by reference all previous paragraphs.

50. Defendants made illegal deductions from Plaintiff's and Class members' pay.

51. Defendants retained portions of Plaintiff's tips and Class members' tips.

52. As a result of Defendants' willful and unlawful conduct, Plaintiff and the Class members are entitled to an award of damages in an amount to be determined at trial and attorneys' fees.

53. Plaintiff, on behalf of himself and the Class, does not seek liquidated damages for this claim.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs and members of the Class, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Named Plaintiff as Representative of the FLSA Collective Plaintiffs;

C. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

D. Penalties available under applicable laws;

E. Costs of action incurred herein, including expert fees;

F. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663 and other applicable statutes;

G. Pre-Judgment and post-judgment interest, as provided by law; and

H. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: New York, New York
October 11, 2007

Respectfully submitted,

JOSEPH & HERZFELD LLP

By: _____
D. Maimon Kirschenbaum (DK-2338)

Charles E. Joseph (CJ-9442)
757 Third Avenue
25th Floor
New York, NY 10017
Tel: (212) 688-5640
Fax: (212) 688-2548

*Attorneys for Plaintiffs, proposed collective action members and proposed class*

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which they have a right to jury trial.